IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD D. ATANUS,    )
                     )
                     )
                     )
                     )
        Plaintiff,   )
                     )
    v.               )   No. 05 C 6789
                     )
S&C ELECTRIC COMPANY; and,  )
AMERICAN AIRLINES, INC., and )
PATRICK HARRINGTON,  )
individually, and as agent of )
AMERICAN AIRLINES, INC.,  )
                     )
        Defendants.  )

## MEMORANDUM OPINION AND ORDER

Ronald Atanus' ("Atanus") six-count third amended complaint (the "complaint") was removed by defendants to this court from the Circuit Court of Cook County, Illinois on November 30, 2005. Atanus' complaint alleges the following facts: Ronald Atanus ("Atanus") was an employee of American Airlines ("AA"). At the time of the events in question, Atanus was also employed by the S&C Electric Company ("S&C"). On January 1, 2004 Atanus fell on a patch of ice at O'Hare Airport while working for AA. Subsequently, he filed a worker's compensation claim with AA claiming that he was unable to work and totally disabled between January 12, 2004 and January 22, 2004. At a later date, as part of an investigation into whether Atanus had committed worker's compensation fraud, AA Senior Security Representative, Patrick Harrington ("Harrington"),

1

met with S&C representatives Donna Baggett and John Rigo in order to determine if Atanus had been working at S&C during the period that he was claiming total disability with AA. AA eventually determined that Atanus had not committed worker's compensation fraud.

Atanus alleges that at some point between January and March 2005, AA improperly provided his personnel records to S&C without his consent. According to Atanus, after reviewing these records, S&C placed Atanus on unpaid leave at a March 22, 2004 meeting because it determined Atanus had been leaving work early and not working the hours required of a full-time employee. Atanus was later terminated by S&C on April 30, 2004.

Atanus brought an action in the Circuit Court of Cook County, Illinois. The complaint alleges six claims: 1) violation of the Wage Payment & Collection Act of Illinois, 820 ILCS 115/1 et seq.; 2) retaliatory discharge for exercise of worker's compensation rights contrary to Illinois public policy; 3) intentional interference with prospective advantage against AA; 4) intentional interference with employment relations against Harrington; 5) civil conspiracy against AA; and 6) civil conspiracy against S&C.

Throughout the complaint, Atanus alleges that AA's disclosure of his personnel information to S&C violated Federal Regulation 49 CFR § 1520 et seq. (the "regulation"). Section 1520 prohibits certain disclosures of Sensitive Security Information ("SSI").

2

Atanus argues that as an AA employee with ramp access to aircraft at O'Hare airport, his personnel information qualified as SSI. AA removed this case to federal court and argues that resolution of Atanus' conspiracy and interference claims raise substantial federal questions that "will require judicial analysis, interpretation, and application of these Homeland Security regulations, as well as 'sensitive judgments about congressional intent, judicial power and the federal system' as they relate to said regulations."

"[R]emoval is proper over any action that could have been filed originally in federal court." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). "The party seeking removal has the burden of establishing the jurisdiction of the district court." *In re Application of County Collector*, 96 F.3d 890, 895 (7th Cir. 1996). The removal statute should be construed narrowly, and any doubts about jurisdiction should be resolved in favor of remand. *Doe v. Allied-Signal*, 985 F.2d 908, 911 (7th Cir. 1993). If any of Atanus' claims are removable, the entire case may be removed on the basis of supplemental jurisdiction. *Fournier v. Lufthansa German Airlines*, 191 F. Supp. 2d 996, 1000 (N.D. Ill. 2002).

Where the basis of removal is federal question jurisdiction, the plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to arise under federal law, a claim must either

3

"plead[] a cause of action created by federal law" or be a state law claim "that implicate[s] significant federal issues." *Grable & Sons Metal Prod., Inc. V. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2367 (2005).

Defendants concede there is no private right of action associated with the regulation and proceed under the theory that Atanus' claims otherwise implicate a significant federal interest. In *Grable*, the Supreme Court articulated the standard for determining whether jurisdiction exists under this theory of "arising under" jurisdiction. The court stated that "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 2368.

Defendants argue that interpretation of the regulation is necessary to the resolution of Atanus' claims of civil conspiracy and tortious interference. Atanus responds that the "references to a CFR in Plaintiff's civil conspiracy and tortuous interference claims do not create a legal basis for those claims, but merely provide a factual background for those claims." I agree. Even though defendants' actions may have arguably violated the regulation, the determination of whether that regulatory violation occurred is not necessary to the resolution of any of Atanus' claims.

In order to establish his civil conspiracy claims against defendants, Atanus must show 1) an agreement between two or more persons; 2) to participate in an unlawful act, or a lawful act in an unlawful manner; 3) an injury caused by the act; and 4) that the act was done pursuant to and in furtherance of a common scheme. *Fritz v. Johnson*, 209 Ill.2d 302, 317 (2004). "A cause of action exists only if one of the parties to the agreement commits some act in furtherance of agreement, which is itself a tort." *Scott v. Aldi, Inc.*, 301 Ill. App. 3d 459,463 (Ill. App. Ct. 1998). A violation of a federal regulation is not a tort. Accordingly, a violation of the regulation involved in this case is not an unlawful act that could form the basis of Atanus' conspiracy claims. Therefore, although Atanus has made defendants' alleged violation of the regulation a focal point of his conspiracy claims in his complaint, the success of these claims does not depend upon a determination of whether defendants violated the regulation.[1]

In order to establish his tortious interference claims, Atanus must show: (1) his reasonable expectation of entering into a valid

---

[1] AA and Harrington agreed with this position in their motion to dismiss the third amended complaint filed in state court. They stated:

> [E]ven if American violated that federal regulation, which it did not, such violation does not and cannot form the basis of a civil conspiracy claim. At most, Plaintiff describes a federal statutory violation, not a tort, and nothing supports the use of these regulations for a separate claim of conspiratorial conduct.

5

business relationship (or continuing employment at-will); (2) the defendants' knowledge of Atanus' expectancy; (3) purposeful interference by the defendants that prevents Atanus' legitimate expectancy from ripening into a valid business relationship; and (4) damages to Atanus resulting from such interference. *Corso v. Suburban Bank & Trust Co.*, 2006 U.S. Dist. LEXIS 6459, at *25 (N.D. Ill. February 16, 2006); *Fellhauer v. Geneva*, 568 N.E.2d 870, 878 (Ill. 1991). Accordingly, the relevant inquiry for these claims is whether AA and Harrington's revealing of Atanus' employment records to S&C constituted purposeful interference with his employment relationship with S&C. Atanus cannot demonstrate purposeful interference with his employment relationship by showing that AA and Harrington violated a regulation designed to promote air safety. Therefore, the resolution of these claims does not depend upon whether defendants' alleged actions also may have violated the regulation.

For the foregoing reasons, I grant plaintiff's motion to remand.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

DATED: August 4, 2006